IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SADIE MAE HOLLEY, by and through her Mother and Next Friend, Sara B. Holley, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:16-cv-00017 |
| CVS CAREMARK CORPORATION, *et al.*, | ) ) ) | By: Elizabeth K. Dillon United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Sadie Mae Holley (Sadie), a minor suing by and through her mother and next friend, plaintiff Sara B. Holley (Ms. Holley), moves for default judgment against defendants CVS Caremark Corporation, CVS Pharmacy, Inc., Virginia CVS Pharmacy, LLC, and CVS Pharmacy, Store #3793, Hook-SupeRx, LLC (collectively, CVS). (Dkt. No. 28.) Sadie also moves, in the alternative, for an extension of time to disclose expert witnesses. In response, CVS moves for leave to file a later answer. (Dkt. No. 34.) The court does not believe that an oral hearing would be helpful in deciding these motions; thus, it will rule without one. W.D. Va. Civ. R. 11(b).

On December 30, 2015, Sadie and Ms. Holley filed this action in a Virginia state court. Sadie alleges a claim for negligence, and Ms. Holley alleges a claim for intentional infliction of emotional distress. On April 4, 2016, CVS removed the action to this court and, two days later, moved for leave to file a late responsive pleading. The court granted the motion, giving CVS until April 8 to file a responsive pleading. On April 7, CVS moved to dismiss Mrs. Holley's

claim under Federal Rule of Civil Procedure 12(b)(6). It did not, however, file a responsive pleading to Sadie's claim. The court denied CVS's motion to dismiss on August 3.

Since CVS did not file a responsive pleading to her claim on or before April 8, Sadie contends that it is in default. To support her argument, Sadie relies on a nearly forty-year-old case from the Eastern District of Michigan—*Gerlach v. Michigan Bell Telephone Company*, 448 F. Supp. 1168 (E.D. Mich. 1978). There, the court held that moving to dismiss fewer than all the claims of a complaint under Rule 12(b)(6) does not toll the time for responding to the remaining claims. *Id.* at 1174. But the *Gerlach* court is on a lonely island: Virtually every other court that has considered the issue has rejected the *Gerlach* court's rule, holding instead that a Rule 12(b)(6) motion to dismiss *does* suspend the time to respond to any unchallenged claims. *See, e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 638 (N.D. Iowa 2006) (collecting cases). Indeed, it appears that just one court over the past 30-plus years has chosen to follow the *Gerlach* court, and that court was not convinced that the *Gerlach* court's rule applies in all cases. *Coca-Cola Fin. Corp. v. Pure Tech Plastics LLC*, No. 1:12-cv-00949, 2012 U.S. Dist. LEXIS 191395, at *2 (N.D. Ga. July 9, 2012) ("Although there may be some instances when a partial motion to dismiss extends the time to answer all counts, this case does not present such an instance.")

While the Fourth Circuit has not yet weighed in on this issue, several other district courts within the Fourth Circuit have, and they have all reached the opposite conclusion as the *Gerlach* court. Take, for instance, the Eastern District of Virginia's decision in *Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571 (E.D. Va. 2002). There, the court held that "Rule 12(b)(6) motions . . . expand time for answering the entire pleading until 10 [now 14] days after receiving notice of the Court's resolution of the Rule 12(b)(6) motion." *Id.* at 573; *accord*

*Justice v. Dimon*, No. 3:10-cv-00413, 2011 U.S. Dist. LEXIS 60127, at *6 (W.D.N.C. June 6, 2011).  In reaching this conclusion, the court rejected the *Gerlach* court's rule and instead adopted the majority view, explaining:

> This Court chooses to follow the majority approach.  As other courts have noted, if the courts require a defendant to answer in piecemeal fashion, a procedural thicket would emerge.  Thorny questions would arise as to how the case should proceed pending resolution of the motion.  In the interests of efficiency for all parties, including the courts, it is best to stall the proceedings on all counts until after the court rules on the Rule 12(b)(6) motion.  In addition, any potential abuses or dilatory tactics which the minority approach seeks to prevent can also be guarded against under the majority approach through the use of Rule 11 sanctions to deter abuse.

*Godlewski*, 210 F.R.D. at 572–73 (internal quotation marks and citation omitted).

Like the *Godlewski* court, this court is persuaded that the majority view is correct and thus adopts it here.  Consequently, when CVS filed its motion to dismiss Ms. Holley's claim under Rule 12(b)(6), its time to respond to Sadie's claim was suspended until the court ruled on the motion.  After such a ruling, CVS would then have 14 days to respond to Sadie's claim.  Fed. R. Civ. P. 12(a)(4).

Because 14 days have not yet passed since the court ruled on CVS's motion to dismiss Ms. Holley's claim, CVS is not in default on Sadie's claim.  Accordingly, the court will deny Sadie's motion for default judgment and deny CVS's motion for leave to file a late answer as moot.

With respect to her alternative motion for an extension of time to disclose expert witnesses, Sadie does not adequately explain why such relief is necessary at this time.  The court will thus deny the motion without prejudice.  If she continues to believe that the expert-disclosure deadline in the scheduling order needs to be extended after receiving this decision, then she may refile the motion with an adequate explanation, and it will be referred to the

magistrate judge for resolution. Sadie may also contact the magistrate judge directly about any other discovery issues.

An appropriate order will issue.

Entered: August 11, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

4
Case 4:16-cv-00017-RSB   Document 41   Filed 08/11/16   Page 4 of 4   Pageid#: 271