# **THE SADIE MAE HOLLEY IRREVOCABLE TRUST**

THIS IRREVOCABLE TRUST AGREEMENT, dated this 3rd day of January 2017, is hereby made by and between **SARA BETH HOLLEY**, of Pittsylvania County, Virginia, as mother and next friend of **SADIE MAE HOLLEY** ("Grantor") and **SARA BETH HOLLEY**, Initial Trustee ("Trustee").

W I T N E S S E T H:

ARTICLE I:  ESTABLISHMENT OF TRUST

In consideration of her love and affection for her daughter, Sadie Mae Holley ("Sadie"), and in further consideration of the covenants herein contained, the parties hereby agree that the Trustee shall hold and administer the net proceeds allocated to the infant plaintiff from the global settlement of <u>Sadie Mae Holley, by and through her Mother and Next Friend, Sara B Holley and Sara B. Holley, Individually v. CVS Pharmacy, LLC, *et als.*</u>, United States District Court (Western District of Virginia) Case No. 4:16CV00017-EKD  together with any other assets which may be added to this Trust by any person, by *inter vivos* or testamentary disposition, IN TRUST, with the powers, discretion, and duties hereinafter described, and shall dispose of the principal and income thereof as hereinafter set forth.  This Trust shall be known as **The Sadie Mae Holley Irrevocable Trust Dated January 3, 2017.**

ARTICLE II:  DEFINITIONS

*Support*.  Wherever provision is made herein for distributions in the discretion of Trustee for "support," that term shall mean distributions for the proper support, maintenance, medical care, comfort and well-being of the beneficiary.  It is the intent of the Grantor that the Trustee

shall have the widest possible discretion in determining amounts, if any, to be distributed for support of a beneficiary.

*Construction:*  Throughout this Trust Agreement, as the context requires, the masculine gender shall be deemed to include the feminine, the singular the plural and the plural the singular. The paragraph headings are for convenience of reference only and shall not be considered terms of the trust.

### ARTICLE III:  IRREVOCABLE TRUST

This Trust is irrevocable and may not be altered, amended, revoked, or terminated except as herein provided. The Grantor retains no right to alter, amend, revoke or terminate the Trust in whole or in part.

### ARTICLE IV:  DISTRIBUTIONS

The Trust Estate shall be held, invested and distributed by Trustee exclusively for the benefit of Grantor's daughter, Sadie Mae Holley, during her lifetime.  During the lifetime of Sadie Mae Holley, the Trustee in his sole and absolute discretion as he may deem necessary or appropriate shall pay such amounts of principal and/or income of the Trust Estate to Sadie Mae Holley, or apply the same, for her support, maintenance, education, medical care, comfort, well-being and general benefit.  In so doing, the Trustee shall take into consideration any other financial resources or sources of support known by the Trustee to be available to said beneficiary and may, in his sole and absolute discretion, limit or completely withhold distributions to or for the benefit of said beneficiary if he deems it appropriate to do so.  In determining whether to

make discretionary distributions of income, the Trustee shall consider the applicable tax consequences of the Trust.

Upon Sadie Mae Holley attaining the age of eighteen (18) years, the Trustee shall add any accumulated income to principal and distribute twenty-five percent (25%) thereof to the beneficiary outright and free of trust. Upon said beneficiary attaining the age of twenty five (25) years, the Trustee shall add any accumulated income to principal and distribute fifty percent (50%) thereof to the beneficiary outright and free of trust. Upon said beneficiary attaining the age of thirty (30) years, the Trustee shall distribute the entire remaining trust estate to the beneficiary outright and free of trust.

In addition to the foregoing, the Trustee is authorized to make advancements to Sadie if, in the Trustee's absolute discretion, the advancement will be in the best interest of Sadie. While any portion of the Trust is being held by the Trustee as provided above, the Trustee is authorized to pay or expend so much of the income and principal of the Trust as the Trustee, in the Trustee's sole discretion may deem necessary from time to time for Sadie's support, maintenance, heath, and education (including but not limited to elementary, secondary, collegiate, graduate, professional, technical, vocational, etc., private or public) as the Trustee deems appropriate.

Sadie shall have the power by her Last Will and Testament, making express reference to this power, to direct that any part or all of this Trust be distributed to or in such manner that Sadie shall so direct; provided, however, that in no event shall Sadie have any power to appoint any of the Trust principal or interest to herself, her estate, her creditors, or the creditors of her estate.

If the Grantor's daughter, Sadie Mae Holley, dies prior to the termination of the Trust as set forth above, and if Sadie Mae Holley has not made provisions in her Last Will and Testament

for the undistributed Trust assets, the Trustee shall add all undistributed income to principal and then distribute the same outright and free of trust, subject to the provisions below for Trusts for beneficiaries under the age of twenty-one (21), if applicable, to the then surviving issue of Sadie Mae Holley in equal shares *per stirpes*, and if none, to the heirs at law of Sadie Mae Holley.

Whenever any part of this trust shall become distributable to a person, other than Sadie, who is then under twenty-one (21) years of age, as his absolute property, the Trustee, in his discretion, may withhold distribution of such property and invest and reinvest the same, collect the income therefrom, and apply amounts of the net income or principal for the benefit and support of such beneficiary without the intervention of any guardian and accumulate, invest and reinvest the balance of such income, if any. Upon such beneficiary attaining the age of twenty-one (21) years, the Trustee shall release to such beneficiary the remainder of the principal and undisbursed income, free of trust. If such beneficiary dies before attaining the age of twenty-one (21), all such principal and accumulated income shall be paid over to the estate of such beneficiary. The authority conferred upon the Trustee by this paragraph shall not operate to suspend or prevent the absolute vesting of any property in such beneficiary. With respect to the administration of any such property, the Trustee shall have all the powers, authority and discretion vested in them under the provisions of this instrument.

## ARTICLE V: TRUSTEE'S POWERS AND DUTIES

The powers enumerated in §64.2-105 of the Code of Virginia (1950), as amended, are hereby incorporated herein by reference and granted to the Trustee. The Trustee also shall have power to determine what is principal and what is income and to allocate or apportion receipts and expenditures as between principal and income in the sole discretion of the Trustee, and the

decision of the Trustee in this regard shall be final and not subject to question by any beneficiary, and to make legal investments in stocks, bonds, evidence of indebtedness or other securities; to appoint a successor individual or corporate Trustee, under such circumstances as the Trustee deems appropriate, such successor trustee to serve subject to the same powers and restrictions stated in this instrument; to make distributions in cash or in specific property, and to do so without regard to the income tax basis for federal tax purposes of specific property allocated to any beneficiary or Trust; and to make direct distribution of assets to or for the benefit of a minor beneficiary, including distributions to a custodian and distributions by registration of stock in the name of a minor. If more than one Trustee is named herein, any one or more of said Trustees may act at all times hereunder. The foregoing powers shall also be deemed to have been granted to any successor Trustee.

The Trustee's investments and management of trust assets shall conform with the duties imposed by the Uniform Prudent Investor Act set forth in §§64.2-780, *et seq.*, Code of Virginia, including the Prudent Investor Rule contained therein which provides that the Trustee shall invest and manage trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust. In satisfying this standard, the trustee shall exercise reasonable care, skill, and caution.

In accordance with §64.2-788, Code of Virginia, the Trustee may delegate investment and management functions and may employ attorneys, accountants, tax specialists, brokers, professional investment advisors and money managers, custodians, or other agents on such terms and fee arrangements as the Trustee, in Trustee's discretion, deems appropriate from time to time. Any agent so employed by the Trustee shall be subject to the provisions of the Uniform Prudent Investor Act cited above.

## ARTICLE VI: BOND/ACCOUNTINGS

This Trust shall be held and administered, insofar as is practical, as if it were a testamentary trust, and shall be subject to the rules, regulations, and laws in such cases made and provided for annual accountings by testamentary trustees. The Trustee herein shall qualify in the Clerk's office and file an inventory and annual accountings with the Commissioner of Accounts in the county or city wherein the Trust assets are located. The Trustee shall be required to post the bond with corporate surety as required by said Clerk's office.

## ARTICLE VII: COMPENSATION OF TRUSTEE

The Trustee may receive, and is authorized to charge against the Trust, a fair and reasonable compensation for services. The Trustee may also be reimbursed for all reasonable expenses incurred in the management and protection of the Trust assets.

## ARTICLE VIII: SUPERVISION

The Trust shall be administered expeditiously, consistent with its terms, free of judicial intervention, and without order, approval or other action of any court except as otherwise provided for herein; provided, that any person in interest, including but not limited to, a parent or legal guardian of Sadie, may seek the jurisdiction of a court of competent jurisdiction for purposes of construction, interpretation and enforcement of rights hereunder.

## ARTICLE IX: ELIMINATION OF GUARDIANSHIP

During the administration of any Trust hereunder, it shall not be necessary for the Trustee at any time to have a guardian appointed for any beneficiary with respect to the disbursement of

income or principal to or for such beneficiary. The Trustee may make any part or all of the payments directly to the beneficiary or to some other person, firm or corporation for the benefit of such beneficiary.

## ARTICLE X: ASSIGNABILITY

No rights to income or principal of any beneficiary hereunder shall be: 1) subject to assignment or anticipation, 2) liable for any indebtedness or obligation of any beneficiary or, 3) subject to attachment or any other order or process of court, and the Trustee shall not be required to make any distribution to any assignee or creditor of any beneficiary, or otherwise than into the hands of the beneficiary in person.

## ARTICLE XI: RULE AGAINST PERPETUITIES

Anything in this Trust Agreement to the contrary notwithstanding, no trust created hereunder shall continue beyond twenty-one (21) years after the death of the last to die of those beneficiaries who are living at the time of Grantor's death; and upon the expiration of such period all trusts shall terminate and the assets hereof shall be distributed outright to those parties (and in the same proportions) as are then receiving the income therefrom. If any provision herein contained results in the violation of any statutory or common law rule against the accumulation of income, then during the period in which the income, if accumulated, would violate the rule, the income shall instead be distributed to the beneficiary or beneficiaries in whose fund the income would otherwise have been accumulated.

## ARTICLE XII: SUCCESSOR TRUSTEE

Upon the death, resignation or incapacity of the original Trustee, Sara Beth Holley, Grantor's husband Everette Lee Holley shall act as substitute Trustee of this Trust and shall possess all of the powers and duties set forth herein. Said substitute Trustee shall have the power to appoint a successor Trustee. Any third party dealing with any Trustee or successor Trustee hereunder shall be fully protected in relying upon the certificate signed by such Trustee or successor Trustees that he is duly authorized and qualified to act hereunder. Any corporate or other professional Trustee shall be responsible for the exercise of due care. Any substitute Trustee shall be entitled to receive reimbursement for reasonable fees and expenses for serving in such capacity.

## ARTICLE XIII: APPOINTMENT OF TRUSTEE IN EVENT OF VACANCY

Any Trustee may resign at any time by giving two (2) month's written notice to the Grantor, if living, and to the beneficiaries eligible to receive current distributions from the Trust. The adult beneficiaries or adult person responsible for a minor beneficiary authorized to receive income from this Trust, acting alone, or the adult beneficiaries and adult persons responsible for any minor beneficiaries authorized to receive income from this Trust, acting by majority, as the case may be, may appoint a successor Trustee to serve hereunder in the event that no named successor Trustee remains; provided, no successor Trustee so appointed shall exercise any discretionary power to distribute income or principal of any trust in order to discharge a legal obligation of the individual who appointed the successor Trustee or for such individual's pecuniary benefit unless necessary for such individual's maintenance, support, health or education.

## ARTICLE XIV: LIMITATION OF POWERS REGARDING LEGAL OBLIGATIONS OF SUPPORT

Any Trustee under this Trust who has a legal obligation to support any beneficiary under this Trust shall not be authorized to distribute the property of this Trust to satisfy any such obligation. The power to distribute Trust property to beneficiaries shall exist with respect to any other Trustee under this Trust, without the participation of the Trustee who has such an obligation. If necessary, the Trustee shall be authorized to appoint a special Independent Trustee who is not also a beneficiary of this Trust to make any such distributions as such special Independent Trustee shall deem appropriate notwithstanding the use of such distribution to defer the costs of support for such beneficiary.

## ARTICLE XV: PAYMENT OF TAXES

In the event any portion of any trust, share or subshare created herein shall be includable in the estate of any beneficiary, the Trustee is hereby specifically directed to pay to the personal representative of the beneficiary's estate, out of the principal of such trust, share or subshare, an amount equal to the additional taxes resulting from the inclusion in the estate of such beneficiary for tax purposes of all or any portion of such property passing under such trust, share or subshare. The term "additional taxes" shall mean the excess of all federal and state estate, succession and inheritance taxes imposed upon the estate of the beneficiary over the amount of such taxes that would have been so imposed if no part of such property had been includable in the gross estate of the beneficiary for the purpose of any such tax. Payments under this Article shall be in full satisfaction of any right by the estate of such beneficiary to be reimbursed for such taxes. The Trustee may rely on the written statements of the personal representative of the

estate of such beneficiary as to the amount by which such taxes are increased. However, no such payment of taxes or penalties shall be made out of assets of the Trust, share or subshare which are not otherwise subject to estate or other death taxes.

## ARTICLE XVI: GOVERNING LAW

This Trust shall be governed, construed, and administered according to the laws of the Commonwealth of Virginia.

IN WITNESS WHEREOF, the parties hereto have hereunto caused these presents to be duly executed as of the day and year first above written.

**GRANTOR**

_Sara Beth Holley_
SARA BETH HOLLEY, MOTHER AND
NEXTFRIEND OF SADIE MAE HOLLEY

**INITIAL TRUSTEE:**

_Sara Beth Holley_
SARA BETH HOLLEY

COMMONWEALTH OF VIRGINIA,
CITY OF Danville, TO-WIT:

The foregoing instrument was acknowledged before me this 3rd day of January 2017, by Sara Beth Holley, Grantor and Initial Trustee.

My Commission expires: August 31, 2019

_Ashley Lauren Hale Moreira_
NOTARY PUBLIC

ASHLEY LAUREN HALE MOREIRA
Notary Public
Commonwealth of Virginia
Reg. #7513185
My Commission Expires 8/31/19