IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SADIE MAE HOLLEY, by and through her Mother and Next Friend, SARA B. HOLLEY, and SARA B. HOLLEY, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br>CVS PHARMACY, INC.<br>VIRGINIA CVS PHARMACY, LLC,<br>CVS PHARMACY, STORE #3793,<br>HOOK-SUPERX, LLC<br><br>Defendants. | Case No. 4:16-cv-00017 |

**ORDER**

This matter is before me on the motion of Defendants to file the terms of the settlement (Dkt. No. 73) and settlement approval order (Dkt. No. 74) under seal. Dkt. No. 75. I took this motion under advisement to allow the parties or any interested persons or entities to submit any additional facts or authority in support of sealing, redacting or challenging the motion to seal. I temporarily sealed the terms of the settlement and the Order Approving Infant Settlement pending my final ruling. Dkt. No. 79. Having reviewed the law and arguments of counsel, I find continued sealing is unwarranted and **ORDER** that the motion to seal be **DENIED** and the terms of the settlement (Dkt. No. 73) and Order Approving Infant Settlement (Dkt. No. 74) be unsealed.

Plaintiff is a minor suing by and through her mother and next friend, Plaintiff Sara B. Holley ("Ms. Holley"). Ms. Holley brought this action against Defendant Virginia CVS

Pharmacy, LLC ("CVS"). Ms. Holley asserted on behalf of her infant daughter a claim for negligence and asserted, in her individual capacity, a claim for intentional infliction of emotional distress. The claims stem from injuries the infant sustained after CVS mislabeled her prescription. Specifically, Ms. Holley claimed she received instructions from CVS to administer 2.5 teaspoons of medication to her daughter every 4-6 hours, when the drug should have been dispensed at a much lower level: 2.5 milliliters every 4-6 hours. The parties reported to the Court that they settled all claims upon mutually agreeable terms and as required by Va. Code § 8.01-424, a hearing was held on January 3, 2017 for judicial review and approval of the settlement terms. At the hearing, I agreed to temporarily seal the terms of the settlement (Dkt. No. 72), and the settlement was approved by Order dated January 5, 2017. See Dkt. No. 74.

## I.

Local Rule 9 requires that a party seeking to seal documents provide the court with "the non-confidential reasons why sealing is necessary, including the reasons why alternatives to sealing are inadequate." W.D. Va. Gen. R. 9. CVS asserts that sealing the order approving the infant settlement will protect the privacy interests of the infant, as well as the business interests of CVS related to settlement strategy and preventing "inordinate" future litigation.

The common law presumes a right to inspect and copy judicial records and documents. In Re U.S. for an Order Pursuant to 18 U.S.C. 2703(D), 707 F.3d 283, 290 (4th Cir. 2013). This common law presumption of access may be overcome if competing interests outweigh the interest in access. See id.; Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."); In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); see also Doe v. Pub. Citizen, 749 F.3d 246, 266 (4th Cir. 2014) (quoting

Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178 (4th Cir.1988)) (holding that the court should abrogate the right of public access to judicial documents only in "unusual circumstances").

By contrast, the First Amendment provides a "more rigorous" standard, which applies only to certain judicial records and documents, including documents "made part of a dispositive motion" in a civil case. Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (citing Rushford, 846 F.2d at 253). If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone, 855 F.2d at 180 (citing Press–Enterprise Co. v. Super. Court, 464 U.S. 501, 510 (1984)).

Because the First Amendment and the common law provide different levels of protection, it is necessary to determine the source of the public's right of access before a court can accurately weigh the competing interests at stake. Va. Dep't of State Police, 386 F.3d at 576. Here, the parties have submitted documents in connection with a motion to approve settlement. Courts have held that documents filed in connection with a motion for approval of a settlement constitute judicial records and are subject to the common law right of access.  See White v. Bonner, No. 4:10–CV–105–F, 2010 WL 4625770, at *1 (E.D.N.C. Nov. 4, 2010) (applying the common law right of access to the parties' motion to seal their settlement agreement in a wrongful death action); Mears v. Atl. Se. Airlines, Inc., No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014).  Other courts, however, suggest that the First Amendment right of access may apply for judicial approval of a settlement. See Miles v. Ruby Tuesday, Inc., 799 F.Supp.2d 618, 622 (E.D.Va. 2011) (suggesting that First Amendment right of access applies for approval of FLSA settlement); Bryant v. Laboratory Corp. of America Holdings, 2012 WL

3

2827348 (S.D.W.Va. July 10, 2012). I do not find it necessary to resolve this issue because CVS has not satisfied the less demanding common law standard.

Before I can order the sealing of any court records, I must balance several factors, including "(i) whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; (ii) whether release would enhance the public's understanding of an important historical event; and (iii) whether the public has already had access to the information contained in the records." K.S. v. Ambassador Programs Inc., No. 1:10CV439, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010) (internal citations omitted). Additionally, a court must comply with certain procedural requirements when presented with a request to seal judicial records or documents. Va. Dep't of State Police, 386 F.3d at 576.  The court must first give public notice of the request to seal and a reasonable opportunity to challenge it. Id.  The court must also consider less drastic alternatives to sealing.  If the court decides to seal, it must state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing. Id.

The docketing of CVS's motion to seal satisfies the "public notice" element of the procedural portion of the Fourth Circuit's sealing standard. See Stone, 855 F.2d at 181.  The "public opportunity to challenge" requirement is met when the court allows sufficient time for objections to be made. See Erichsen v. RBC Capital Mkts. LLC, 883 F. Supp. 2d 562, 575 (E.D.N.C. 2012); Millennium Inorganic Chem. Ltd. v. Nat'l Union Fire Ins. Co., 893 F. Supp. 2d 715, 743-44 (D. Md. 2012); Honeycutt v. City of Rockingham, North Carolina, No. 1:09cv912, 2012 WL 360027 at *1 (M.D.N.C. Feb. 2, 2012).  Since I have given the public sufficient time to object, the remaining question is whether CVS can assert a significant interest that outweighs the public's right of access to the settlement approval documents.

## II.

CVS first claims that sealing these records is necessary to preserve the infant's privacy interests, arguing that given her "alleged injuries, her delicate age, the naiveté naturally occasioned by youth, and the amount of the settlement proceeds, there is a distinct and real possibility that [the infant] would become a target for unscrupulous predators, bullies or others seeking to benefit from, or otherwise take advantage of, the infant-Plaintiff." Dkt. No. 76, p. 4. This argument lacks merit.  Critically, the identity of the infant is publicly available, as her full name appears throughout the proceedings on court documents and in the case caption.  Further, other court records fully explain the extent of the infant's injuries, and none of these documents are sealed or have been requested to be filed under seal.  Accordingly, the settlement amount and terms "add little to the information already made public about plaintiffs through the other filings in this case"; revealing the settlement terms and order of approval will not substantially diminish the infant's privacy. K.S. v. Ambassador Programs Inc., No. 1:10CV439, 2010 WL 3565481, at *3 (E.D. Va. Sept. 3, 2010) (holding that the settlement terms, report and recommendation by the minor's guardian *ad litem*, and the Order approving settlement must not remain under seal).  The infant's privacy interest does not outweigh the common law presumption of access to these documents.

CVS then argues that it has a significant business interest in ensuring the documents remain under seal, with its utmost concern being "a competitor's distortion of the facts already in the record, used in conjunction with the terms of the settlement agreement, to attack Defendant's polices, prescription-filling practices, its operational systems, and its employees, personally." Dkt. No. 76, p. 5.  Negative publicity may be undesirable for CVS, but it "does not amount to an 'improper purpose' sufficient to warrant sealing." K.S. v. Ambassador Programs Inc., 2010 WL

3565481, at *3 (internal citation omitted).  CVS's suggestion that competitors will use the records to their advantage is also hypothetical.  The statements in the settlement order and approved terms are "not akin to 'disgusting details of a divorce case' or 'libelous statements for press consumption,' nor is any 'scandal' created or promoted by the release" of the documents, and so CVS' business interest does not merit the sealing of these documents. Id. (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

Finally, CVS argues that based on the claims, the "information that Defendant seeks to have sealed, if made public, would likely serve as the catalyst for a flood of litigation against pharmacies, advanced by litigants looking for a quick settlement." Dkt. No. 76, p. 5.  CVS cites to no evidence supporting such a claim, and such a broad policy statement cannot overcome the public's right to access the documents.  The Commonwealth of Virginia requires that parties seek judicial approval in settling any case involving a minor. Va. Code. § 8.01-424.  "By mandating judicial review, the statute ensures that the compromise serves the best interests of a party who lacks the legal capacity to enter a binding agreement." K.S. v. Ambassador Programs Inc., 2010 WL 3565481, at *4 (internal citation omitted).  There is no good reason to shield judicial review from public scrutiny in this case.

For the reasons set forth above, CVS's motion to seal is **DENIED**.  The terms of the settlement (Dkt. No. 73) and Order Approving Infant Settlement (Dkt. No. 74) shall be unsealed.

    Entered:  May 25, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge